RONALD A. PETERS, Bar No. 169895
rpeters@littler.com
BENJAMIN A. EMMERT, Bar No. 212157
bemmert@littler.com
LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
Telephone: 408.998.4150
Fax No.:    408.288.5686

Attorneys for Defendants
FIRST STUDENT, INC. and CLAY FAUTH

ROD M. FLIEGEL, Bar No. 168289
rfliegel@littler.com
BLANE MARIE MALL, Bar No. 238357
bmall@littler.com
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone: 415.433.1940
Fax No.:    415.399.8490

Attorneys for Defendant
HIRERIGHT SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRANCISCO HERNANDEZ,<br><br>                    Plaintiff,<br><br>     v.<br><br>FIRST STUDENT, INC.; USIS, INC.; CLAY FAUTH; and DOES 1 to 30, inclusive,<br><br>                    Defendants. | Case No. CV10 8243 SVW FMOx<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION BY DEFENDANTS FIRST STUDENT, INC., HIRERIGHT SOLUTIONS, INC. AND CLAY FAUTH BASED ON DIVERSITY JURISDICTION**<br><br>[28 U.S.C. §§ 1332(a)(1), (c)(1), 1441(a), 1446(a), (b)]<br><br>Trial Date: Not Set<br>Complaint Filed: September 30, 2010 |

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF FRANCISCO HERNANDEZ AND TO HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendants First Student, Inc. ("First Student"), HireRight Solutions, Inc. (f/k/a USIS Commercial Services, Inc., and erroneously sued as USIS, Inc.) ("HireRight Solutions") and Clay Fauth hereby remove the action described herein filed in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. Defendants will promptly file in the Los Angeles County Superior Court their Notice to State Court of Removal of Civil Action, their Notice to Adverse Party of Removal of Civil Action, and a State Court Notice of Stay of Proceedings. A true and correct copy of the Notice to State Court and to Adverse Party of Removal of Civil Action, without its accompanying exhibits, is attached hereto as Exhibit A. A true and correct copy of the State Court Notice of Stay of Proceedings is attached hereto as Exhibit B.

This case is being removed pursuant to 28 U.S.C. sections 1332(a)(1) and (c)(1), 1441(a), and 1446(a) and (b). The grounds for removal are as follows:

## PROCEDURAL HISTORY

1.  On September 30, 2010, Plaintiff Francisco Hernandez ("Plaintiff") filed this action against First Student, HireRight Solutions and Clay Fauth (collectively "Defendants") in the Superior Court of the State of California, County of Los Angeles, entitled *Francisco Hernandez, Plaintiff, v. First Student, Inc.; USIS, Inc.; Clay Fauth; and Does 1 to 30, inclusive, Defendants*, Case No. BC446419. In his Complaint, Plaintiff asserts seven causes of action for: (1) violation of multiple sections of California's Investigative Consumer Reporting Agencies Act, Civil Code section 1786 *et seq.* (the "ICRAA") (against HireRight Solutions); (2) violations of section 1786.16 of the ICRAA (against First Student); (3) violation of California Labor Code sections 432.7 and 432.8 (incorrectly identified in the Complaint as

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION       2.

California Civil Code section 432.7 *et seq.*) (against First Student); (4) defamation (against all Defendants); (5) false light (against all Defendants); (6) negligence (against HireRight Solutions and First Student); and (7) wrongful termination in violation of public policy (against First Student). A true and correct copy of the Complaint that Plaintiff filed in the Los Angeles County Superior Court is attached hereto as Exhibit C.

2. On October 1, 2010, First Student's agent for service was personally served with a copy of the Summons and Complaint. A true and correct copy of the Summons is attached hereto as Exhibit D. A true and correct copy of the proof of service of the Service of Process Transmittal is attached hereto as Exhibit E. A true and correct copy of the Complaint served on First Student is attached hereto as Exhibit F.

3. On October 1, 2010, Plaintiff mailed a copy of the Summons and Complaint to HireRight Solutions' as its agent for service of process in Richmond, Virginia. A true and correct copy of the Summons is attached hereto as Exhibit G. A true and correct copy of the proof of service of the Service of Process Transmittal is attached hereto as Exhibit H. A true and correct copy of the Complaint served on HireRight Solutions is attached hereto as Exhibit I.

4. On October 6, 2010, Plaintiff personally served Clay Fauth with a copy of the Summons and Complaint. A true and correct copy of the Summons is attached hereto as Exhibit J. A true and correct copy of the proof of service of the Service of Process Transmittal is attached hereto as Exhibit K. A true and correct copy of the Complaint served on Clay Fauth is attached hereto as Exhibit L.

5. On October 6, 2010, the Los Angeles County Superior Court issued a Notice of Case Management Conference scheduling a status conference for January 31, 2011. A true and correct copy of this Notice of Case Management Conference is attached hereto as Exhibit M.

6. Defendants have not responded to the Complaint in state court.

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION  3.

7. To the best of Defendants' knowledge, no further documents have been filed with the state court in this matter.

8. To the best of Defendants' knowledge, no proceedings have been held in the state court in this matter.

## BASIS FOR REMOVAL

9. This Court has original jurisdiction over this matter because it is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Removal of this case to federal court is therefore proper. 28 U.S.C. § 1441(a).

### A. Diversity of the Parties

10. To establish diversity jurisdiction, complete diversity must exist at the time the lawsuit was filed and at the time the case is removed. Complete diversity exists where all plaintiffs are of different citizenship than all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267, 267-268 (1806). This requirement is satisfied here.

11. Plaintiff was, at the time of filing this action, and still is, a citizen of the State of California. Citizenship of a natural person is established by domicile. A person's domicile is established by physical presence in the state and an intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship). Plaintiff alleges that he is a resident of California, residing in Los Angeles County. See Exhibit C, Complaint, ¶1. Plaintiff's Complaint establishes that he has had, and continues to have, a physical presence in the State of California with an intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

12. A corporation is deemed to be a citizen of both the state in which it was incorporated and the state where it has its "principal place of business." 28 U.S.C. § 1332(c).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

4.

13.  A corporation's principal place of business is the locus of its operations. *The Hertz Corp. v. Friend, et al.*, __ U.S. __, 130 S. Ct. 1181, 1192 (2010).

14.  At the time Plaintiff commenced this action, First Student was incorporated under the laws of Delaware and it currently remains incorporated under the laws of Delaware. (Klotz Decl., ¶ 3.) First Student is therefore a citizen of the State of Delaware.

15.  The locus of First Student's business operations is Cincinnati, Ohio. (*Id.* at ¶ 4.) First Student therefore also is a citizen of Ohio. 28 U.S.C. § 1332(c)(1); *The Hertz Corp.*, 130 S. Ct. at 1192. First Student is not, and at no time relevant to this matter has been, a citizen of the State of California.

16.  At the time Plaintiff commenced this action, HireRight Solutions was incorporated under the laws of Oklahoma and it currently remains incorporated under the laws of Oklahoma. (Spencer Decl., ¶ 2.) HireRight Solutions is therefore a citizen of the State of Oklahoma.

17.  The locus of HireRight Solutions' business operations is Tulsa, Oklahoma. (*Id.* at ¶¶ 3-6.) HireRight Solutions therefore also is a "citizen" of Okalahoma. 28 U.S.C. § 1332(c)(1); *The Hertz Corp.*, 130 S. Ct. at 1192. HireRight Solutions is not, and at no time relevant to this matter has been, a citizen of the State of California.

18.  At the time Plaintiff commenced this action, Clay Fauth was a citizen of the State of California and he remains so to this date. Mr. Fauth's citizenship, however, must be disregarded for the purposes of determining diversity jurisdiction under 28 U.S.C. sections 1332(a) and 1441(b). As demonstrated below, Mr. Fauth constitutes a fraudulently joined ("sham") defendant because Plaintiff's Complaint fails to state a cause of action against him as a matter of law. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION          5.

1  according to the settled rules of the state, the joinder of the resident defendant is
2  fraudulent"); *Richey v. Upjohn Drug Co.*, 139 F.2d 1313, 1318-1319 (9th Cir. 1998),
3  *cert. denied*, 525 U.S. 963 (1998) (sham defendants may be disregarded when
4  determining diversity jurisdiction).

5      19.  Plaintiff's Complaint purports to assert claims against Mr. Fauth
6  individually for defamation and false light.  The joinder of a non-diverse defendant
7  may be treated as a sham where: (1) the complaint contains no cause of action
8  whatsoever against that party; (2) the cause of action is patently spurious; or (3) a
9  nominal cause of action is stated, but there is no reasonable basis for imposing
10 liability.  *Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962).  Where
11 such fact are demonstrated, the court may disregard the party and uphold the removal.
12 *Id.* at 477; *Richey*, 139 F.2d at 1318-1319.

13     20.  Plaintiff seeks to hold Mr. Fauth liable for alleged statements Mr.
14 Fauth made to Plaintiff while acting as First Student's agent regarding Plaintiff's
15 employment status.  See Exhibit C, Complaint, ¶ 7.  Plaintiff alleges that: (1) Mr.
16 Fauth wrote a letter *to Plaintiff* on December 1, 2009, in which First Student notified
17 Plaintiff that his employment was being suspended pending further investigation of
18 information contained in an investigative consumer report that HireRight Solutions
19 provided to First Student (which stated that Plaintiff had a misdemeanor conviction
20 for driving while intoxicated and a criminal conviction for possession of marijuana);
21 and (2) Mr. Fauth wrote a letter *to Plaintiff* on January 28, 2010, notifying Plaintiff
22 that his employment was being terminated based on the convictions reported in the
23 investigative consumer report.  See Exhibit C, Complaint, ¶¶ 9, 11-12, 33-34.

24     21.  Plaintiff's defamation claim plainly fails on the face of the
25 Complaint as a matter of law.  Plaintiff fails to even allege in the first instance that
26 Mr. Fauth *published* an alleged defamatory statement.  *See* Cal. Civ. Code § 45; *Taos*
27 *v. Loftus*, 40 Cal. 4th 683, 720 (2007) (actionable defamation requires *publication* of
28 false information to a third party).  Publication in this context "means communication

to some third person who understands the defamatory meaning of the statement." *Dible v. Haight Ashbury Free Clinics, Inc.*, 170 Cal. App. 4th 843, 854 (2009) (internal quotations omitted). Plaintiff alleges only that Mr. Fauth authored two letters that were sent *to Plaintiff* stating, respectively, that he was being suspended and that his employment was being terminated based on criminal conviction information contained in an investigative consumer report from HireRight Solutions. See Exhibit C, Complaint, ¶¶ 9, 10-11. Plaintiff's conclusory allegation on information and belief that "Mr. Fauth has communicated and relayed the false and defamatory statements to other persons" is insufficient to establish this essential element as a matter of law. See Exhibit C, Complaint, ¶ 12; *see* FRCP 8 and 81(c)(1); *Dible*, 170 Cal. App. 4th at 853-855 (allegations that plaintiff believed defendant republished alleged defamatory statements to third parties are insufficient to plead publication).

22. Plaintiff's defamation claim also fails as a matter of law because his allegations, taken as a whole, merely assert that Mr. Fauth was making true statements – e.g., stating the reason for the suspension and subsequent termination of Plaintiff's employment. *See Conkle v. Jeong*, 73 F. Supp. 909 917 (9th Cir. 1995); *Gregory v. McDonnell Douglas Corp.*, 17 Cal. 3d 596, 600 (1976). In the first letter, Plaintiff alleges that Mr. Fauth stated First was suspending him pending an investigation *because it received a report that included convictions for DWI and possession of marijuana.* See Exhibit C, Complaint, ¶ 9 (emphasis added). However, Plaintiff *admits* in his Complaint that First received such a report from HireRight Solutions and that the report contained this information. See Exhibit C, Complaint, ¶ 14. In the second letter, Plaintiff alleges that Mr. Fauth stated that *the reason for the termination was a misdemeanor conviction for DWI and a possession of marijuana conviction.* See Exhibit C, Complaint, ¶ 11 (emphasis added). Plaintiff *admits* in his Complaint that First terminated because of the statements in the report. See Exhibit C, Complaint, ¶ 14. Thus, according to Plaintiff's own allegations, Mr. Fauth was

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

7.

1  merely stating the true reasons that First suspended and then terminated Plaintiff's
2  employment. It is axiomatic that true statements are not defamatory.
3            23.   Plaintiff's claim is also separately defeated on the face of the
4  Complaint by California's law regarding privilege. Plaintiff alleges with specificity
5  only that Mr. Fauth, acting as First Student's agent and within the course and scope of
6  his employment, wrote two letters to him about his employment status. See Exhibit C,
7  Complaint, ¶¶ 6, 9, 11-12. The conduct Plaintiff attributes to Mr. Fauth (with any
8  specificity) is privileged because, at most, it constitutes statements made between
9  interested parties. A statement is privileged and therefore not actionable when it "is
10 one made . . . [i]n a communication, without malice, to a person interested therein . . .
11 by one who is also interested." Cal. Civil Code. § 47(c); *Taos*, 40 Cal. 4th at 720.
12 Mr. Fauth's alleged statements were made by an interested person, Mr. Fauth (acting
13 as Plaintiff's supervisor), to a person who arguably was also interested, Plaintiff (in
14 his capacity as an employee). *Cf. Kacludis v. GTE Sprint Communications Corp.*, 806
15 F. Supp. 866, 872 (N.D. Cal. 1992) (communications between a manager and an
16 employee are communications between interested persons and therefore presumed
17 privileged pursuant to Civil Code section 47(c)); *Deaile v. General Tel. Co. of Cal.*,
18 40 Cal. App. 3d 841, 846 (1974) (communications between an employer and its
19 employees are privileged pursuant to Civil Code section 47(c)); *Robomatic, Inc. v.
20 Vetco Offshore*, 225 Cal. App. 3d 270, 275-276 (1990) (manager's statement accusing
21 plaintiff of improperly using the employer's property and other wrongful conduct is
22 between interested persons and therefore privileged under Civil Code section 47(c)).
23           24.   Plaintiff cannot overcome the privilege without a showing of
24 actual malice. Actual malice is "established by showing that the publication was
25 motivated by hatred or ill will towards the plaintiff or by a showing that the defendant
26 lacked reasonable grounds for belief in the truth of the publication and therefore acted
27 in reckless disregard of the plaintiff's rights." *Taos*, 40 Cal. 4th at 721. At the
28 pleading stage, Plaintiff must allege specific facts to establish actual. *Robomatic*, 225

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION            8.

Cal. App. 3d at 276 ("[a] general allegation of malice will not suffice; plaintiff must allege detailed facts showing defendant's ill will towards him"); *Kacludis*, 806 F. Supp. at 872 ("[m]ere allegations that statements were made 'with malice' or with 'no reason to believe the statements were true' are insufficient to rebut the presumption of privilege"). Plaintiff's bare allegation that Defendants acted "with an improper and intentional motive amounting to malice" is insufficient as a matter of law.

25. Plaintiff's claim similarly fails as a matter of law under the "manager's privilege." *Kacludis*, 806 F. Supp. at 872 (statements regarding plaintiff's job qualifications allegedly made by plaintiff's manager while acting within the course and scope of his employment are protected by the manager's privilege thereby precluding individual liability unless the plaintiff establishes the statements were made entirely for the manager's benefit); *Imperial Ice Co. v. Rossier*, 18 Cal. 2d 33, 26 (1941) (the existence of malice or ill will by a manager or agent toward the plaintiff is irrelevant and will not destroy the manager's privilege); *Aalgaard v. Merchants National Bank, Inc.*, 224 Cal. App. 3d 674, 684 (1990) (same); *see also Applied Equipment Corp. v. Litton Saudi Arabia, Inc.*, 7 Cal. 4th 503, 512, n.4 (1994) (corporate agents acting on behalf of their employer and for their employer's benefit cannot be held individually liable for acts undertaken on behalf of their employer and in the course and scope of their employment); *Wanland v. Los Gatos Lodge, Inc.*, 230 Cal. App. 3d 1507, 1522 (1991) ("[a] manager need not be acting solely in his or her employer's interest in order to claim the [manager's] privilege; all that is required is proof that the employer's interest was one of the factors motivating his or her conduct or advice").

26. Finally, Plaintiff's defamation claim against Mr. Fauth (and, indeed, against all of the Defendants) separately fails as a matter of law because it is preempted by the Fair Credit Reporting Act (FCRA). 15 U.S.C. § 1681h(e). It is well settled that, absent malice, the FCRA preempts common law defamation claims. *See, e.g., Brown, et al, v. Sterling Infosystems, Inc., et al.*, 2010 U.S. Dist. LEXIS 87873

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

9.

(N.D. Ohio Aug. 2, 2010). Plaintiff has not, and cannot, credibly allege malice. Thus, the FCRA preempts his defamation claim.

27. Plaintiff's false light claim is based on precisely the same facts (see Exhibit C, Complaint, ¶¶ 33-34, 39-42) as, and as a matter of law fails along side of, his defamation claim. *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1385, n.13 (1999) ("[w]hen a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action"); *see also* Cal. Civ. Code § 3425.3 ("[n]o person shall have more than one cause of action for damages for libel or slander or invasion of privacy or any other tort founded upon any single publication or exhibition or utterance"); *Kapellas v. Kofman*, 1 Cal. 3d 20, 35, n.16 (1969) (if a complaint contains both a defamation and false light claim based on the same alleged facts, the false light claim is superfluous and should be dismissed); *McClatchy Newspapers, Inc. v. Superior Court*, 189 Cal. App. 3d 961, 965 (1987) ("[w]hen an action for liable is alleged, a false-light claim based on the same facts . . . is superfluous and should be dismissed").

28. In short, for the reasons outlined above, Plaintiff's defamation and false light claims individually against Mr. Fauth fail as a matter of law on the face of Plaintiff's Complaint. Mr. Fauth's joinder as a defendant is therefore fraudulent and removal based on diversity jurisdiction is proper.

29. Those defendants designated as DOES 1 to 30 are fictitious defendants, are not parties to this action, have not been served and must be disregarded entirely for the purposes of this removal. 28 U.S.C. § 1441(a); *see also McCabe*, 811 F. 2d at 1339.

**B. Amount in Controversy**

30. For purposes of federal diversity jurisdiction, the amount in controversy is measured by the pecuniary value of the rights being litigated. *Hunt v. Washington Apple Advertising Commission*, 432 U.S. 333, 347 (1977); *Leininger v.*

*Leininger*, 705 F. 2d 727, 729 (5th Cir. 1983). When, as here, the Complaint does not contain a demand for a specific monetary amount, the court may look to the petition for removal. *Davenport v. Procter & Gamble Manufacturing Co.*, 241 F. 2d 511 (2d Cir. 1957); *Redevelopment Authority v. City of Hope National Medical Center*, 383 F. Supp. 813, 815 (E.D. Pa. 1974). Defendants need only show by a preponderance of the evidence – that it is more probable than not – that Plaintiff's claimed damages exceed the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 95 F. 3d 856, 862 (9th Cir. 1996), *amended*, 102 F. 3d 398, 404 (9th Cir. 1996). Alternatively, the court may make an independent appraisal of the monetary value of the claim. *Perrin v. Tenneco Oil Co.*, 505 F. Supp. 23 (W.D.Okla. 1980); *Horak v. Color Metal of Zurich, Switzerland*, 285 F. Supp. 603 (D.N.J. 1968).

31. In his Prayer [For Relief], Plaintiff seeks general damages, "special damages and compensatory damages in the form of the cost of medical expense[s], lost wages and other out of pocket expenses," "actual damages or $10,000 *per violation* of [the ICRAA] *whichever sum is greater*," punitive damages and attorney's fees. See Exhibit C, Complaint, Prayer ¶¶ 1-4 (emphasis added).

32. Although Plaintiff does not provide an explicit calculation or total of damages in his Complaint, he seeks actual damages or $10,000 (whichever sum is greater) *for each ICRAA violation alleged in his Complaint.*

33. In the First Cause of Action, Plaintiff's Complaint alleges at least *seven ICRAA violations* against HireRight Solutions: 1) failure to maintain reasonable procedures under Section 1786.20; 2) failure to include in its report on him information described in Section 1786.28; 3) failure to provide the notices described in Section 1786.29; 4) failure to obtain the certifications described in Section 1786.16(a)(4); 5) including impermissible information in its report on Plaintiff in violation of Section 1786.18(a)(7); 6) failure to timely verify the accuracy of public record information contained in its report on Plaintiff in violation of Section 1786.18(c); and 7) failure to provide Plaintiff with copies of the consumer report run

on him in violation of Section 1786.11. See Exhibit C, Complaint, ¶¶ 18-19. Assuming purely for purposes of this removal that Plaintiff may separately recover for each alleged violation in the amount of $10,000, Plaintiff seeks a minimum recovery of $70,000 based on these seven claims.[1]

34. In the Second Cause of Action, Plaintiff's Complaint alleges at least *five ICRAA violations* against First Student: 1) failure to provide disclosures to Plaintiff or obtain Plaintiff's consent in violation of Section 1786.16(a)(2); 2) failure to provide to HireRight Solutions the certifications described in Section 1786.16(a)(4); 3) failure to provide Plaintiff with the notices described in Section 1786.16(b)(1); 4) failure to provide Plaintiff with the adverse action notice described in Section 1786.40; and 5) failure to provide the information described under Section 1786.53(b). See Exhibit C, Complaint, ¶¶ 24-25. At $10,000 *per alleged violation*, Plaintiff seeks a minimum recovery of $50,000 based on these five claims.

35. At $10,000 "*per violation*," a fair reading of Plaintiff's Complaint demonstrates that he seeks to recover well above $120,000 based on his ICRAA claims alone.

36. Plaintiff's Complaint claims that, as a result of alleged defamatory statements made by Defendants, he "has suffered and continues to suffer damages, sustained *severe and serious injury to his person*, suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish . . . ." See Exhibit C, Complaint, ¶ 36 (emphasis added); *see also* ¶¶ 44-45 (Plaintiff suffered "severe and serious injury to his person" and "continues to suffer humiliation, emotional distress, and mental and physical pain and anguish" stemming from his false light allegations). See *Ajimatanrareje v. Metro. Life Ins. Co.*, No. C 99-0614 SI ARB, 1999 U.S. Dist. LEXIS 7339, at *4 (N.D. Cal. 1999) (recognizing that emotional distress damages "may be considered in the amount in controversy even

---

[1] Defendants expressly reserve argument on the question of whether Plaintiff may recover Separately for each violation.

when not clearly pled in the complaint."); *Richmond v. AllState Ins.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (same).

37. Plaintiff's Complaint also seeks lost wages based on the termination of his employment in January 28, 2010. See Exhibit C, Complaint, ¶ 11; Prayer, ¶ 2. At the time of the termination of his employment in January 2010, Plaintiff was making $13.13 per hour and was scheduled to work an average of 30 to 40 hours per week. See Declaration of Clay Fauth, ¶ 2. Based on these figures, Plaintiff's lost wages claim has the potential to exceed $40,000 ($13.13 per hour x 30 hours per week x 39 weeks) even using a conservative estimate (Plaintiff alleges that his employment was terminated on January 28, 2010; 39 weeks have elapsed since that time).

38. Plaintiff's Complaint also seeks attorney's fees and punitive damages. See Exhibit C, Prayer, ¶ 4. *See also Faulkner v. Astro-Med, Inc.*, No. C99-2562 SI, 1999 U.S. Dist. LEXIS 15801, at *5 (N.D. Cal. 1999) (finding that punitive damages should be considered when determining the amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (recognizing that "[w]hen an underlying statute authorizes an award of attorneys' fees, . . . such fees may be included in the amount in controversy."); *see also* Civ. Code § 1786.50(a)(2) (attorney's fees recoverable for successful ICRAA action).

39. The facts above unambiguously demonstrate that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

## VENUE

40. Venue is proper in this Court in that this is the Court of the District embracing the place where the action is pending in state court. 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

41. This Notice to Federal Court of Removal of Civil Action is timely because it is filed within thirty (30) days of the service of the Summons and Complaint on First Student (personally served on October 1, 2010), on HireRight

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION   13.

1  Solutions (served by mail out-of-state on October 1, 2010), and Clay Fauth
2  (personally served on October 6, 2010) and because it is filed within one year of the
3  filing of the Complaint on September 30, 2010. 28 U.S.C. § 1446(b).
4     42. Contemporaneously with the filing of this Notice of Removal of
5  Civil Action in the United States District Court for the Central District of California,
6  written notice of such filing will be given by the undersigned to Nicolas Orihuela,
7  Esq. and Douglas B. Haynes, Esq., Plaintiff's counsel of record. In addition, a copy
8  of this Notice of Removal will be filed with the Clerk of the Court for the Superior
9  Court of the County of Los Angeles, California.
10    WHEREFORE, Defendants now pray that the above-entitled action now
11 pending against Defendants First Student, HireRight Solutions and Clay Fauth in the
12 Superior Court of the State of California, County of Los Angeles, should be removed
13 therefrom to this Court.

Dated: October 29, 2010

RONALD A. PETERS
BENJAMIN A. EMMERT
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
FIRST STUDENT, INC. AND CLAY FAUTH

Dated: October ____, 2010

ROD M. FLIEGEL
BLANE MARIE MALL
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
HIRERIGHT SOLUTIONS, INC.

Firmwide:98385548.1 061997.1019

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION   14.

1  Solutions (served by mail out-of-state on October 1, 2010), and Clay Fauth
2  (personally served on October 6, 2010) and because it is filed within one year of the
3  filing of the Complaint on September 30, 2010. 28 U.S.C. § 1446(b).

4      42. Contemporaneously with the filing of this Notice of Removal of
5  Civil Action in the United States District Court for the Central District of California,
6  written notice of such filing will be given by the undersigned to Nicolas Orihuela,
7  Esq. and Douglas B. Haynes, Esq., Plaintiff's counsel of record. In addition, a copy
8  of this Notice of Removal will be filed with the Clerk of the Court for the Superior
9  Court of the County of Los Angeles, California.

10     WHEREFORE, Defendants now pray that the above-entitled action now
11 pending against Defendants First Student, HireRight Solutions and Clay Fauth in the
12 Superior Court of the State of California, County of Los Angeles, should be removed
13 therefrom to this Court.

14 Dated: October ____, 2010

16     RONALD A. PETERS
17     BENJAMIN A. EMMERT
    LITTLER MENDELSON
18     A Professional Corporation
    Attorneys for Defendants
19     FIRST STUDENT, INC. AND CLAY FAUTH

20
21 Dated: October 29, 2010

22     /s/ Blane M. Mall
23     ROD M. FLIEGEL
    BLANE MARIE MALL
24     LITTLER MENDELSON
    A Professional Corporation
25     Attorneys for Defendant
    HIRERIGHT SOLUTIONS, INC.

Firmwide:98385548.1 061997.1019

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION     14.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

### CV10- 8243 SVW (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
FRANCISCO HERNANDEZ

**DEFENDANTS**
FIRST STUDENT, INC., USIS, INC.; CLAY FAUTH; and DOES 1 to 30, inclusive.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**Attorneys (If Known)**
RONALD A. PETERS
BENJAMIN A. EMMERT
LITTLER MENDELSON
50 West San Fernando Street, 15th Floor
San Jose, CA 95113
T: 408.998.4150

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Cal. Civ. Code Section 1786, et seq. [Diversity U.S.C. Sections 1332(a)(1), (c)(1), 1441(a), 1446(a), (b)]

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____  CV10 8243

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     American LegalNet, Inc. www.FormsWorkflow.com     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Clay Fauth-Los Angeles County, California | First Student, Inc.-Hamilton County, Ohio<br>HireRight Solutions, Inc.-Tulsa County, Oklahoma |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff's claims arose in Los Angeles County, California | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/_ Date 10-29-10
Benjamin A. Emmert

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |