RONALD A. PETERS, Bar No. 169895
rpeters@littler.com
BENJAMIN A. EMMERT, Bar No. 212157
bemmert@littler.com
PHILIP A. SIMPKINS, Bar No. 246635
psimpkins@littler.com
LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
Telephone: 408.998.4150
Fax No.: 408.288.5686

Attorneys for Defendants
FIRST STUDENT, INC. and CLAY FAUTH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

FRANCISCO HERNANDEZ,

Plaintiff,

v.

FIRST STUDENT, INC.; USIS, INC.; CLAY FAUTH; and DOES 1 to 30, inclusive,

Defendants.

Case No. CV 10-8243 SVW (FMOx)

**NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD, FOURTH, FIFTH AND SEVENTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT FOR DAMAGES BY DEFENDANTS FIRST STUDENT, INC. AND CLAY FAUTH**

[FRCP 12(b)(6)]

**Hearing Date: December 13, 2010**
**Time: 1:30 p.m.**
**Courtroom: 6**
**Judge: Hon. Stephen V. Wilson**

Trial Date: Not Set
Complaint Filed: September 30, 2010

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando St
15th Floor
San Jose, CA 95113
408 998 4150

Def.'s Notice of Motion and Motion to Dismiss

Case No. CV 10-8243 SVW (FMOx)

# TABLE OF CONTENTS

| | Page |
|---|---|
| I. INTRODUCTION | 3 |
| II. STATEMENT OF RELEVANT FACTS | 3 |
| A. Procedural History | 3 |
| B. Statement of Factual Allegations | 4 |
| III. ISSUES PRESENTED | 5 |
| IV. LEGAL ARGUMENT | 6 |
| A. Standard For Granting First Student And Clay Fauth's Motion To Dismiss | 6 |
| B. Plaintiff Has Not Alleged Facts Establishing His Third Cause Of Action For Alleged Violations Of California Labor Code Section 432.7 | 7 |
| 1. First Student Did Ask About Arrests Of Plaintiff That Did Not Result In Convictions | 8 |
| 2. First Student Did Not Rely On Arrests That Did Not Result In Convictions In Suspending And Later Terminating Plaintiff's Employment | 8 |
| C. Plaintiff Has Not Alleged Facts Establishing His Fourth Cause Of Action For Defamation | 9 |
| 1. First Student And Clay Fauth Did Not Make Any False Statements Of Fact | 9 |
| 2. First Student And Clay Fauth's Alleged Statements Are Protected By The Manager's And/Or The Conditional Mutual Interest Privilege | 11 |
| a. First Student And Clay Fauth's Alleged Statements Are Protected By The Manager's Privilege | 11 |
| b. First Student And Clay Fauth's Alleged Statements Are Protected By The Conditional Mutual Interest Privilege | 12 |
| c. Plaintiff Has Not Alleged First Student And/Or Mr. Fauth Made Any Alleged Statement With Actual Malice To Overcome The Manager's Privilege And/Or The Conditional Mutual Interest Privilege | 13 |

## TABLE OF CONTENTS
## (continued)

Page

3. Plaintiff Has Not Alleged First Student and/or Clay Fauth Published Any Alleged Statement To Any Third Party ............... 15

D. Plaintiff Has Not Alleged Facts Establishing His Fifth Cause Of Action As A Matter Of Law .................................................................... 15

E. Plaintiff Has Not Alleged Facts Establishing His Seventh Cause Of Action For Wrongful Termination In Violation Of Public Policy ......... 16

V. CONCLUSION ........................................................................................... 17

# TABLE OF AUTHORITIES

Page

## CASES

*Allied Equipment Corp. v. Litton Saudi Arabia, Inc.*, 7 Cal. 4th 503 (1994) ..... 11

*Antonovich v. Superior Court*, 234 Cal. App. 3d 1041(1991) ..... 14

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2008) ..... 6, 7, 13, 15

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..... 6, 13

*Biebower v. FHP, Inc.*, 70 Cal. App. 4th 1 (1999) ..... 9

*Conkle v. Jeong*, 73 F.3d 909 (9th Cir. 1995) ..... 10

*Deaile v. General Tel. Co. of Cal.*, 40 Cal. App. 3d 841 (1974) ..... 12

*Dible v. Haight Ashbury Free Clinic, Inc.*, 170 Cal. App. 4th 843 (2009) ..... 15

*Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359 (1999) ..... 15

*Faria v. San Jacinto Unified School Dist.*, 50 Cal. App. 4th 1939 (1996) ..... 7

*General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228 (9th Cir. 1989) ..... 6

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542 (9th Cir. 1990) ..... 6

*Hughes v. Hughes*, 122 Cal. App. 4th 931(2004) ..... 10

*Kacludis v. GTE Sprint Communications Corp.*, 806 F. Supp. 866 (N.D. Cal. 1992) ..... 11, 12, 13

*Kapellas v. Kofman*, 1 Cal. 3d 20 (1969) ..... 15

*King v. United Parcel Service, Inc.*, 152 Cal. App. 4th 426 (2007) ..... 12, 13

*Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321 (9th Cir. 1982) ..... 11

*McClatchy Newspapers, Inc. v. Superior Court*, 189 Cal. App. 3d 961(1987) ..... 16

*Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270 (1990) ..... 9, 13, 14

## TABLE OF AUTHORITIES
(continued)

Page

*Shoemaker v. Friedberg*, 80 Cal. App. 2d 911 (1947) .......... 14

*Smith v. Hatch*, 271 Cal. App. 2d 39 (1969) .......... 13, 14

*Smith v. Maldonado*, 72 Cal. App. 4th 637 (1999) .......... 10

*Southwell, M.D. v. Mallery, Stern & Warford*, 194 Cal. App. 3d 140 (1987) .......... 10

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) .......... 6

*Stoneking v. Briggs*, 254 Cal. App. 2d 563 (1967) .......... 10

*Taos v. Loftus*, 40 Cal. App. 4th 683 (2007) .......... 9, 13, 15

*Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238 (1994) .......... 16

### STATUTES

Cal. Civ. Code § 45 .......... 15

Cal. Civ. Code § 47(c) .......... 9, 12

Cal. Civ. Code § 48 .......... 13

Cal. Civ. Code § 1786.16 .......... 8

Cal. Civ. Code § 3425.3 .......... 15

Cal. Labor Code § 432.7(a) .......... 7

Cal. Labor Code § 432.7(a) .......... 8

Fed. R. Civ. Proc. 8(a)(2) .......... 6

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO PLAINTIFF FRANCISCO HERNANDEZ AND TO HIS ATTORNEYS OF RECORD NICOLAS ORIHUELA, ESQ. AND DOUGLAS B. HAYES, ESQ.:**

**PLEASE TAKE NOTICE** that on December 13, 2010, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 6 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, CA 90012, before the Hon. Stephen V. Wilson, Defendants First Student, Inc. ("First Student") and Clay Fauth will and hereby do move this Court for an order dismissing the following causes of action asserted by Plaintiff Francisco Hernandez ("Plaintiff") in his Complaint for Damages: the third cause of action for alleged violations of California Labor Code section 432.7 (incorrectly identified in the Complaint as "California Civil Code section 432.7 *et seq.*"); the fourth cause of action for defamation; the fifth cause of action for false light; and the seventh cause of action for wrongful termination in violation of public policy. First Student and Mr. Fauth's motion is made pursuant to FRCP 12(b)(6) and on the grounds that Plaintiff's Complaint fails to allege facts that, even if established, state a plausible claim upon which relief can be granted. This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on November 3 and 5, 2010.

First Student and Mr. Fauth's motion is based upon this notice, the accompanying memorandum of points and authorities set forth below, the Declaration of Benjamin A. Emmert establishing compliance with this Court's Local Rule 7-3, any reply papers filed in support of this motion, all the pleadings and papers on file in this action, the oral argument of counsel at the hearing, and upon such other matters as may be presented to the Court at the time of the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit arises out of First Student, Inc.'s ("First Student") termination of Plaintiff's employment as a school bus driver in January 2009. However, Plaintiff clearly and unambiguously admits First Student terminated his employment only after it received information from a reputable and reliable investigative consumer reporting agency, HireRight Solutions, Inc., (erroneously sued as USIS, Inc.) ("HireRight Solutions"), that he had been ***convicted*** of driving under the influence and possession of marijuana. While Plaintiff alleges he was never actually convicted of these crimes, his Complaint does not allege that he ever communicated this information to First Student. Plaintiff also does not allege that either Mr. Fauth or First Student had any reason to doubt the accuracy of the report but acted on it nonetheless. Given the foregoing, Plaintiff cannot, as a matter of law, prevail on his third, fourth, fifth or seventh causes of action against either First Student or Mr. Fauth.

## II. STATEMENT OF RELEVANT FACTS

### A. Procedural History

Plaintiff filed this lawsuit on September 30, 2010, in the Los Angeles County Superior Court. On November 1, 2010, First Student, Mr. Fauth and co-defendant HireRight Solutions removed the lawsuit to this Court. On November 3, 2010, counsel for First Student and Mr. Fauth, Benjamin A. Emmert, contacted Plaintiff's counsel, Nicolas Orihuela, by telephone to discuss the substance of this motion and a potential resolution pursuant to this Court's Local Rule 7-3. (Emmert Decl., ¶ 2.) Mr. Orihuela was not available that day but was available on November 5, 2010. (*Id.*) On November 5, 2010, Mr. Emmert and Mr. Orihuela met and conferred by telephone regarding the substance of this motion, including each of the grounds for dismissal of Plaintiff's third, fourth, fifth and seventh causes of action. (*Id.* at ¶¶ 3-4.)

No resolution of the issues raised in this motion was reached. (*Id.* at ¶ 5.) First Student and Mr. Fauth therefore had no choice but to file this motion.

**B. Statement of Factual Allegations**

Plaintiff alleges First Student is a corporation providing school bus transportation services in Los Angeles County. See Compl., ¶¶ 2, 8, pp. 1:28-2:2, 28-3:1. Plaintiff alleges HireRight Solutions is an investigative consumer reporting agency that provides investigative consumer reports (i.e. background/criminal reports) on employees to various employers, including First Student, in Los Angeles County. See Compl., ¶ 3, p. 2:3-9. Plaintiff alleges Mr. Fauth is an employee and agent of First Student. See Compl., ¶¶ 6, 11-12, pp. 2:19-22, 3:9-20.

Plaintiff alleges that First Student employed him as a school bus driver beginning in 2005. See Compl., ¶ 8, p. 2:28-3:1. In late 2009, Plaintiff alleges First Student retained HireRight Solutions to prepare an investigative consumer report on him. See Compl., ¶¶ 13, p. 3:21-25. Plaintiff alleges First Student requested the report for the purpose of evaluating whether he should be retained as an employee and for other employment purposes. *Id.* Plaintiff alleges that on, or about, December 1, 2009, HireRight Solutions reported to First Student that Plaintiff had a criminal conviction for driving while intoxicated and a criminal conviction for possession of marijuana. See Compl., ¶¶ 9, 14, pp. 3:2-4, 26-28.

Plaintiff alleges First Student suspended him on about December 1, 2009, "because First Student 'received information about [Plaintiff] in a recent background check,' which . . . included convictions for '[driving while intoxicated]' and 'possession [of] marijuana.'" *Id.* See Compl., ¶ 9, p. 3:2-4. Plaintiff alleges First Student terminated his employment on January 28, 2010, because of "the statements in [HireRight Solutions'] investigative consumer report." See Compl., ¶¶ 11, 14, p. 3:9-16, 28-4:1.

## III. ISSUES PRESENTED

The following are the issues to be decided in this motion:

1. Should Plaintiff's third cause of action alleging violations of California Labor Code section 432.7 be dismissed because First Student did not ask about or utilize information concerning arrests that did not result in a conviction?

2. Should Plaintiff's fourth cause of action for defamation be dismissed because Plaintiff's allegations fail to allege that First Student and/or Clay Fauth made any false statement of fact?

3. Should Plaintiff's fourth cause of action for defamation be dismissed because First Student and Clay Fauth's statements are protected by the manager's privilege and Plaintiff failed to allege they acted with actual malice to overcome this privilege?

4. Should Plaintiff's fourth cause of action for defamation be dismissed because First Student and Clay Fauth's statements are protected by the conditional mutual interest privilege in California Civil Code section 47(c) and Plaintiff failed to allege they acted with actual malice to overcome this privilege?

5. Should Plaintiff's fourth cause of action for defamation be dismissed because Plaintiff failed to allege First Student and/or Clay Fauth published or republished the alleged defamatory statements to any third party?

6. Should Plaintiff's fifth cause of action for false light be dismissed because it is duplicative of his fourth cause of action for defamation?

7. Should Plaintiffs seventh cause of action for wrongful termination in violation of public policy be dismissed as Plaintiff failed to allege any facts which establish First Student violated any statutory or regulatory provision, or that there was any nexus between the alleged statutory violation and Plaintiff's termination?

# IV. LEGAL ARGUMENT

## A. Standard For Granting First Student And Clay Fauth's Motion To Dismiss

A motion to dismiss pursuant to FRCP 12(b)(6) is proper when, even if all material facts in the pleading under attack are true, the moving party is entitled to a judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). While a Court must assume the truthfulness of the material facts alleged in the Complaint on a motion to dismiss, it is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2008). A Complaint that fails to comply with FRCP 8(a)(2)'s pleading requirements is subject to a motion to dismiss. *Twombly, supra,* 550 U.S. at 554-555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

FRCP 8(a)(2) requires a Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to the relief" requested. Fed. R. Civ. Proc. 8(a)(2); *Twombly, supra,* 550 U.S. at 554-555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly, supra,* 550 U.S. at 555 (internal citations omitted); *Ashcroft, supra,* 129 S. Ct. at 1949 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations' but it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation"). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly, supra,* 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'formulaic recitation of the

elements of a cause of action will not do.' [] Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, *supra*, 129 S. Ct. at 1949.

Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Id.* "Plausibility" means, the "factual content [of the Complaint] allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* ("[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully"). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* This standard applies to lawsuits that have been removed from state to federal court. FRCP 81(c)(1). Applying this standard to Plaintiff's Complaint, First Student and Clay Fauth's motion should be granted.

**B. Plaintiff Has Not Alleged Facts Establishing His Third Cause Of Action For Alleged Violations Of California Labor Code Section 432.7**

California Labor Code section 432.7 prohibits employers from asking an "applicant for employment to disclose, through any written form or verbally, information concerning an arrest or detention that did not result in a conviction" or to "utilize, as a factor in determining any condition of employment including hiring, promotion, termination . . . any record of arrest or detention that did not result in conviction." Cal. Labor Code § 432.7(a); *Faria v. San Jacinto Unified School Dist.*, 50 Cal. App. 4th 1939, 1943 (1996). Thus, to state this cause of action, Plaintiff must allege facts showing that First Student requested information of Plaintiff concerning arrests that did not result in a conviction and/or that it utilized such information in making employment related decisions. Cal. Labor Code section 432.7(a). Plaintiff however, has admitted First Student did neither.

**1. First Student Did Ask About Arrests Of Plaintiff That Did Not Result In Convictions**

Plaintiff's Complaint is completely devoid of any factual allegations that would establish First Student "asked [him or anyone else] . . . to disclose . . . information concerning an arrest or detention that did not result in a conviction." Cal. Labor Code § 432.7(a). In fact, Plaintiff does not allege First Student asked him for any such information at all. Plaintiff alleges only that First Student requested HireRight Solutions prepare "an investigative consumer report" that consisted "of a criminal background check of Plaintiff." See Compl, ¶ 13, p. 3:21-23. Section 432.7 does not prohibit First Student from requesting such a report. Moreover, because Plaintiff admits First Student requested the investigative consumer report for "evaluation of [Plaintiff's] continued retention and other employment purposes", such reports are specifically authorized by California Civil Code section 1786 *et. seq.* Cal. Civ. Code § 1786.16. Plaintiff has therefore failed to allege facts sufficient to state this cause of action.

**2. First Student Did Not Rely On Arrests That Did Not Result In Convictions In Suspending And Later Terminating Plaintiff's Employment**

In addition to failing to allege facts establishing First Student improperly asked Plaintiff about arrests that did not result in convictions, he has not alleged any facts that, if proven true, establish First Student used any such information in making any employment related decision. Indeed, Plaintiff alleges First Student relied only on information regarding criminal ***convictions*** in suspending and later terminating his employment.

Plaintiff alleges that HireRight Solutions prepared and provided First Student an investigative consumer report that stated that Plaintiff had "convictions for '[driving under the influence]' and 'possession [of] marijuana.'" See Compl., ¶¶ 9, 11, 13-14, pp. 3:2-4, 9-13, 21-4:1. Plaintiff also alleges First Student suspended him "because First Student . . . 'received information about [Plaintiff] in a recent

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando St
15th Floor
San Jose, CA 95113
408.998.4150

Def.'s Notice of Motion and Motion to Dismiss 8. Case No. CV 10-8243 SVW (FMOx)

background check,' which . . . included ***convictions*** for '[driving under the influence]' and 'possession [of] marijuana.'" See Compl., ¶ 9, p. 3:2-4. (emphasis added.) Plaintiff further alleges First Student terminated his employment "because of ***actual arrests***, convictions, or arrests that it believed were related to Plaintiff." See Compl., ¶ 30, pp. 6:28-7:2 (emphasis added.) Because Plaintiff alleges only that First Student suspended and later terminated his employment because of actual ***convictions*** and not arrests, he cannot establish the essential elements of this cause of action.

**C. Plaintiff Has Not Alleged Facts Establishing His Fourth Cause Of Action For Defamation**

A cause of action for defamation requires Plaintiff plead facts establishing that a defendant made "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has the natural tendency to injure or that causes special damages." *Taos v. Loftus*, 40 Cal. App. 4th 683, 720 (2007). Communications between an employer and its employees, are protected by the manager's privilege and/or the conditional mutual interest privilege contained in Civil Code section 47(c). Cal. Civ. Code § 47(c); *Biebower v. FHP, Inc.*, 70 Cal. App. 4th 1, 3 (1999). A plaintiff bears the burden of alleging specific facts showing a statement was made with actual malice to overcome these privileges. *Taos, supra,* 40 Cal. App. 4th at 721; *Robomatic, Inc. v. Vetco Offshore,* 225 Cal. App. 3d 270, 276 (1990). Plaintiff's defamation cause of action fails on its face because he admits First Student and Mr. Fauth did not make any false statements of fact; any statements allegedly made are protected by the manager's privilege and/or the conditional mutual interest privilege in California Civil Code section 47(c); and Plaintiff has not alleged any statements were published and/or republished to any third party.

**1. First Student And Clay Fauth Did Not Make Any False Statements Of Fact**

"In all cases of alleged defamation, whether liable or slander, the truth of the offensive statements or communications is a complete defense against civil

liability, regardless of bad faith or malicious purpose." *Smith v. Maldonado*, 72 Cal. App. 4th 637, 646 (1999); *Conkle v. Jeong*, 73 F.3d 909, 917 (9th Cir. 1995). "To establish the defense of truth – i.e., that the statement is not false – defendants do not have to prove the 'literal truth' of the statement at issue. *Hughes v. Hughes*, 122 Cal. App. 4th 931, 936 (2004); *Southwell, M.D. v. Mallery, Stern & Warford*, 194 Cal. App. 3d 140, 145 (1987). Rather, "[i]t is well settled that . . . [it is sufficient] if the *gist* or *sting* of the libelous charge was justified, and immaterial variances and defects of proof upon minor matters are to be disregarded if the substance of the charge be justified." *Stoneking v. Briggs*, 254 Cal. App. 2d 563, 573 (1967) (emphasis in original); *Hughes, supra*, 122 Cal. App. 4th at 936; *Southwell, supra*, 194 Cal. App. 3d at 145.

Plaintiff alleges First Student and Mr. Fauth made two defamatory statements: the first on about December 1, 2009, when First Student sent Plaintiff a letter suspending his employment; and the second when it sent Plaintiff a letter notifying him that his employment was being terminated. Both statements however, are clearly true statements of fact that cannot support Plaintiff's defamation cause of action.

In the first letter, Plaintiff alleges that Mr. Fauth stated First Student was suspending him because it had "***received*** information" in HireRight Solutions' investigative consumer report that Plaintiff had a criminal conviction for driving under the influence and criminal conviction for possession of marijuana. See Compl., ¶ 9, p. 3:2-4 (emphasis added). This is a truthful statement as Plaintiff alleges: (1) First Student received the investigative consumer report from HireRight Solutions; (2) the investigative consumer report contained information that Plaintiff had been convicted of driving while intoxicated and possession of marijuana; and (3) that First Student suspended him "because First Student . . . 'received [this] information." See Compl., ¶¶ 9, 13-14, p. 3:2-4, 21-28. Thus, Mr. Fauth truthfully and accurately reported that

First Student received this information and that First Student was suspending his employment as a result.

In the second letter, Plaintiff alleges First Student terminated his employment "because of the statements in [HireRight Solutions'] investigative consumer report." See Compl., ¶¶ 11, 14, p. 3:9-13, 28-4:1. Plaintiff has not alleged any facts that, even if true, would establish First Student terminated his employment for any other reason. Thus, Plaintiff admits that these were true statements of fact and he therefore cannot state a defamation cause of action as a matter of law.

**2. First Student And Clay Fauth's Alleged Statements Are Protected By The Manager's And/Or The Conditional Mutual Interest Privilege**

First Student and Mr. Fauth's alleged defamatory statements are also clearly protected by the manager's privilege and/or the conditional mutual interest privilege. Plaintiff has not and cannot allege actual malice necessary to overcome these privileges. First Student and Mr. Fauth's motion should therefore be granted.

**a. First Student And Clay Fauth's Alleged Statements Are Protected By The Manager's Privilege**

The manager's privilege protects individual employees from liability for acts performed within the course and scope of their employment. *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 328 (9th Cir. 1982) (corporate agents acting on behalf of their employers and for their employer's benefit cannot be held individually liable for acts undertaken on behalf of their employer); *Allied Equipment Corp. v. Litton Saudi Arabia, Inc.*, 7 Cal. 4th 503, 512, n.4 (1994) (same). For example, this privilege "protects a manager's right to manage personnel (including firing and hiring) without fear of independent liability, absent concrete and specific allegations that such actions were *entirely* for the benefit of the individual." *Kacludis v. GTE Sprint Communications Corp.*, 806 F. Supp. 866, 872 (N.D. Cal. 1992). Plaintiff alleges Mr. Fauth performed duties generally ascribed to a manager and his alleged acts are therefore privileged.

Plaintiff alleges that Mr. Fauth was employed by First Student and "acted in all respects pertinent to this action as [its] agent." See Compl., ¶ 6, p. 2:19-22. In this capacity, Plaintiff claims that Mr. Fauth wrote the December 1, 2009, and January 28, 2010, letters suspending and later terminating Plaintiff's employment. See Compl., ¶ 12, p. 3:17-20. Because he was acting as First Student's agent, Mr. Fauth's alleged actions in conveying the information that was contained in the investigative consumer report is protected by the manager's privilege. *Kacludis, supra,* 806 F. Supp. at 872 ("[i]f [the manager's privilege] protects nothing else, it protects a manager's right to manage personnel (including hiring and firing) without fear of independent liability"). Plaintiff has not alleged Mr. Fauth took actions that were outside the course and scope of his employment and therefore cannot establish his cause of action for defamation against Mr. Fauth as a matter of law.

**b. First Student And Clay Fauth's Alleged Statements Are Protected By The Conditional Mutual Interest Privilege**

California Civil Code section 47(c) states, in pertinent part, "[a] privileged publication or broadcast is one made: . . . (c) In a communication, without malice to a person interested therein, (1) by one who is also interested." Cal. Civ. Code § 47(c). Communications between an employer and its employees are communications between interested parties pursuant to Section 47(c) and therefore subject to this privilege. *Cf. Kacludis, supra,* 806 F. Supp. at 872 (communications between a manager and an employee are communications between interested persons and therefore presumed privileged pursuant to Civil Code section 47(c)); *King v. United Parcel Service, Inc.* 152 Cal. App. 4th 426, 440, 441 (2007) (because employers and employees have a common interest "in protecting the workplace from abuse", an employer's statements regarding the reasons for the termination of an employee are privileged); *Deaile v. General Tel. Co. of Cal.*, 40 Cal. App. 3d 841, 846 (1974) (communications between an employer and its employees are privileged pursuant to Civil Code section 47(c)); *Robomatic, supra,* 225 Cal. App. 3d at 275-276

(1990) (manager's statement accusing plaintiff of improperly using the employer's property and other wrongful conduct is between interested persons and therefore privileged under Civil Code section 47(c)).

Mr. Fauth's alleged statements to Plaintiff regarding the reasons for his suspension and subsequent termination are clearly protected by the conditional mutual interest privilege. Mr. Fauth's alleged statements were made by an interested person, Mr. Fauth (acting as the agent of First Student), to a person who was also interested, Plaintiff (in his capacity as an employee). See Compl., ¶¶ 9, 11-12, p. 3:2-4, 9-20; *Kacludis, supra,* 806 F. Supp. at 872; *King, supra,* 152 Cal. App. 4th at 440, 441 Plaintiff's defamation cause of action therefore fails as a matter of law.

**c. Plaintiff Has Not Alleged First Student And/Or Mr. Fauth Made Any Alleged Statement With Actual Malice To Overcome The Manager's Privilege And/Or The Conditional Mutual Interest Privilege**

Actual malice required to overcome the manager's privilege and/or the conditional mutual interest privilege requires a plaintiff plead facts, which if true, establish "the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Taos, supra,* 40 Cal. 4th at 721. Actual malice cannot be inferred from the fact of the communication. Cal. Civ. Code § 48 ("[i]n the case provided for in subdivision (c) of Section 47, malice is not inferred from the communication"). Rather, Plaintiff must specifically allege detailed factual allegations establishing actual malice. FRCP 81(c)(1); *Twombly, supra,* 550 U.S. at 555; *Iqbal, supra,* 129 S. Ct. at 1949; *Robomatic, supra,* 225 Cal. App. 3d at 276 ("[a] general allegation of malice will not suffice to defeat the conditional mutual interest privilege; plaintiff must allege detailed facts showing defendant's ill will towards him"); *Smith v. Hatch,* 271 Cal. App. 2d 39, 47 (1969) ("the pleading must contain affirmative allegations of malice in fact, and malice must exist as a fact in order to destroy the [conditional mutual interest]

privilege"). Such allegations must establish either that the defendant made the statements out of hatred or ill will toward the plaintiff or that the defendant had serious doubts about the truth of the publication, but published the statement anyway. *Robomatic, supra,* 225 Cal. App. 3d at 276; *Smith, supra,* 271 Cal. App. 2d at 47; *Antonovich v. Superior Court*, 234 Cal. App. 3d 1041, 1048 (1991). Plaintiff's general and conclusory allegation of malice is insufficient to meet this standard as a matter of law. *Robomatic, supra,* 225 Cal. App. 3d at 276.

Rather, Plaintiff's allegations make it clear that Mr. Fauth did no more than state that First Student suspended and later terminated his employment based on the fact that it received information from a reputable and reliable source that he had criminal convictions. These alleged acts are no different than those the Court in *Shoemaker v. Friedberg,* 80 Cal. App. 2d 911 (1947) found insufficient establish a defendant acted with actual malice as a matter of law. The *Shoemaker* Court held a defendant who did nothing more than write a letter to a plaintiff that reported the results of a medical test, a test that was later determined to be incorrect, does not act with actual malice to overcome the conditional mutual interest privilege. *Id.* at 919. The Court held:

> There is nothing in the record to support a finding of actual or express malice on the part of the defendant. He actually received a report from a reputable, established laboratory that plaintiff was actually suffering from a venereal disease. He believed and acted on the report. The fact that this report from the laboratory was a mistake, if such be true, cannot affect the question of actual malice if the defendant believed it to be true and was actually acting on that belief.

*Id.*

In this action, Plaintiff alleges that First Student received an investigative consumer report from HireRight Solutions, a reputable, established provider of such reports. See Compl., ¶¶ 3, 14, pp. 2:3-9, 3:26-28. First Student and Mr. Fauth acted on the information contained in the report when Mr. Fauth told Plaintiff that First Student was suspending and later terminating his employment based information

contained in the report. See Compl., ¶¶ 9, 11-12, p. 3:2-4, 9-20. Plaintiff has not alleged Mr. Fauth doubted, or had any reason to doubt the accuracy of this report or otherwise made any alleged statement because of any hatred of, or ill will toward, Plaintiff.

**3. Plaintiff Has Not Alleged First Student and/or Clay Fauth Published Any Alleged Statement To Any Third Party**

Plaintiff's defamation cause of action also fails as a matter of law because Plaintiff has not alleged any facts, which even if true, establish First Student and/or Clay Fauth published any alleged defamatory statement to any third party. Cal. Civ. Code § 45; *Taos, supra,* 40 Cal. 4th at 720 (actionable defamation requires ***publication*** of false information to a third party). Publication in this context "means communication to some third person who understands the defamatory meaning of the statement." *Dible v. Haight Ashbury Free Clinic, Inc.*, 170 Cal. App. 4th 843, 854 (2009) (internal quotations omitted). Plaintiff only alleges, in conclusory fashion that the statements "have been subsequently republished and will continue to be published by Defendants." (Compl., ¶ 34, p. 7:15-18.) This allegation should be disregarded by the Court as it is not supported by any facts. *Iqbal, supra,* 129 S. Ct. at 1949.

**D. Plaintiff Has Not Alleged Facts Establishing His Fifth Cause Of Action**

Plaintiff's fifth cause of action for false light is based on precisely the same facts as his defamation claim and therefore also fails as a matter of law. See Compl., ¶¶ 33-34, 39-42; *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1385, n.13 (1999) ("[w]hen a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action"); *See also* Cal. Civ. Code § 3425.3 ("[n]o person shall have more than one cause of action for damages for liable or slander or invasion of privacy or any other tort founded upon any single publication or exhibition or utterance"); *Kapellas v. Kofman,* 1 Cal. 3d 20, 35 n.16 (1969) (if a complaint contains both a defamation and false light claim based on the

same alleged facts, the false light claim is superfluous and should be dismissed); *McClatchy Newspapers, Inc. v. Superior Court*, 189 Cal. App. 3d 961, 965 (1987) ("[w]hen an action for liable is alleged, a false-light claim based on the same facts . . . is superfluous and should be dismissed").

**E. Plaintiff Has Not Alleged Facts Establishing His Seventh Cause of Action**

Plaintiff's wrongful termination in violation of public policy requires he establish a nexus between his alleged protected activity and First Student's adverse employment action. *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1258-1259 (1994) (plaintiff must establish a nexus between the alleged violation of public policy and the adverse employment action taken against him/her). Plaintiff has done neither. Plaintiff fails to allege there is any nexus between any alleged violation of Labor Code section 432.7 and/or Civil Code section 1786 *et seq*. and his termination.

Plaintiff specifically alleges that First Student terminated his employment because of the report that he had been ***convicted*** of driving under the influence and/or possession of marijuana. Compl., ¶ 14, p. 3:28-4:1. Plaintiff admits that First Student did not terminate his employment because of any alleged report of an arrest that did not result in a conviction. Thus, Plaintiff cannot establish a connection between any alleged violation of Labor Code section 432.7 and his termination.

Furthermore, Plaintiff's claim that First Student violated Civil Code section 1786 *et seq*. by procuring the investigative consumer report without providing Plaintiff the required disclosures and/or obtaining Plaintiff's written consent, even if true, this does not establish any connection between this alleged violation and Plaintiff's termination. See Compl., ¶ 25, p 6:12-13. Rather, First Student terminated his employment because it received information that he had been ***convicted*** of driving under the influence and possession of marijuana. It did not terminate his employment because he complained or otherwise objected to First Student procuring an investigative consumer report without his express authorization and/or because he

complained that he was not provided the required disclosures. Thus, Plaintiff cannot establish any connection between an alleged violation of this statute and his termination. Therefore, this cause of action must be dismissed as a matter of law.

## V. CONCLUSION

For the above stated reasons, Defendants First Student and Clay Fauth respectfully request this Court grant this motion and issue and order dismissing Plaintiff's third, fourth, fifth and sixth causes of action.

Dated: November 8, 2010

/s/
RONALD A. PETERS
BENJAMIN A. EMMERT
PHILIP A. SIMPKINS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
FIRST STUDENT, INC. and CLAY FAUTH

Firmwide:98543362.1 063010.1035

LITTLER MENDELSON

Def.'s Notice of Motion and Motion to Dismiss

17.

Case No. CV 10-8243 SVW (FMOx)