UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO HERNANDEZ, | ) | CV 10-8243 SVW (FMOx) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S EX |
| | ) | PARTE APPLICATION FOR REMAND |
| v. | ) | [20] |
| | ) | |
| FIRST STUDENT, INC.; USIS, INC.; | ) | |
| CLAY FAUTH; and DOES 1 to 30, | ) | [JS-6] re BC 446419 |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## I. Introduction

On September 30, 2010, Plaintiff Francisco Hernandez filed a complaint in Los Angeles Superior Court against First Student, Inc. ("First Student"), HireRight Solutions, Inc. ("HireRight") (erroneously sued as Usis, Inc.), and Clay Fauth (collectively "Defendants"). Hernandez alleged various causes of action under California state law. On November 1, 2010, Defendants filed a Notice of Removal alleging diversity jurisdiction. On November 22, 2010, Plaintiff filed the Ex Parte Application for Remand at issue. Plaintiff also moved for an award of attorney's fees.

**II. Relevant Allegations**[1]

Plaintiff is a California resident. (Compl. ¶ 1). Defendant First Student is incorporated in Delaware and conducts the majority of its business in Ohio. (Not. of Rem. ¶¶ 14-15). Defendant HireRight is incorporated in Oklahoma and conducts the majority of its business in Oklahoma. (Not. of Rem. ¶¶ 16-17). Defendant Fauth is a California resident.

Plaintiff worked for First Student as a school bus driver from approximately 2005 until January 28, 2010. (Compl. ¶¶ 8-11). On December 1, 2009, Plaintiff received a letter suspending him from employment. (Compl. ¶¶ 9, 12). The letter stated that First Student had "received information about [Plaintiff] in a recent background check which . . . included convictions for 'DWI' and 'possession of marijuana.'" (Compl. ¶¶ 9, 12). On January 28, 2010, Plaintiff received a second letter from First Student terminating his employment and reciting as grounds for the termination its discovery of his "misdemeanor conviction for DWI with a sentence of imprisonment" and "a conviction for Disturb [sic] by Loud Unreasonable Noise . . . where the circumstances of the arrest involve possession of marijuana." (Compl. ¶ 11).

Plaintiff alleges that he has never been convicted of the aforementioned crimes and that these "discoveries" of past criminal activity are false. (Compl. ¶ 10). According to Plaintiff, First

---

[1] This factual summary is intended to provide context for the parties' dispute and is not meant to constitute factual findings or a ruling on the parties' evidentiary disputes. Additional facts are developed *infra* where appropriate.

2

Student obtained the false criminal background from HireRight, a business that performs criminal backgrounds checks at the request of employers. (Compl. ¶¶ 11, 13).

Plaintiff alleges that Fauth wrote the December 1, 2009 suspension letter and the January 28, 2010 termination letter containing the allegedly false aforementioned statements. Plaintiff further contends that Fauth "made statements to others that [Plaintiff] had committed multiple crimes" and that such statements "are false and unprivileged." (Compl. ¶ 33). Finally, Plaintiff contends that Fauth has "subsequently republished and will continue to [publish]" the false statements which "will be foreseeably republished by their recipients." (Compl. ¶ 34).

Plaintiff alleges violations of California Civil Code §§ 1786 *et seq.*, violations of California Civil Code §§ 432.7 *et seq.*, defamation, false light, negligence, and wrongful termination in violation of public policy against Defendants First Student and HireRight. He also brings claims for defamation and false light against Fauth. (Compl. ¶¶ 32-46). Defendant claims that as a result of all Defendants' false statements, Plaintiff has suffered damage to his business and personal reputation, including injury to his person, humiliation, emotional distress, and mental and physical pain and anguish. (Compl. ¶¶ 35-36).

**III.     Legal Standard Governing Removal and Remand**

Here, Defendants removed the action pursuant to 28 U.S.C. § 1441(b), which permits removal under this Court's diversity jurisdiction, 28 U.S.C. § 1332. Generally, "[t]he presence of the nondiverse party automatically destroys original [subject matter]

3

jurisdiction." Wis. Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998). However, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987); see also Zoqbi v. Federated Dept. Store, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991). Such fraudulently joined "sham defendants" are disregarded for purposes of determining subject matter jurisdiction, and the Court's exercise of diversity jurisdiction is proper. See McCabe, 811 F.2d at 1339. But if the defendant is not fraudulently joined, the case should be remanded to state court pursuant to 28 U.S.C. § 1447(c). See Hunter v. Philip Morris USA, 582 F.3d 1039, 1048 (9th Cir. 2009).

In applying the fraudulent joinder rule, it must be emphasized that the state law must be "settled" and the complaint's deficiency must be "obvious." See McCabe, 811 F.3d at 1339. These standards reflect the "general presumption against fraudulent joinder" that complements the "strong presumption against removal jurisdiction." Hunter, 582 F.3d at 1046. Federal courts "strictly construe the removal statute against removal jurisdiction," such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted); see also Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

In quoting from the Fifth Circuit's decision in Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 576 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005), the Ninth Circuit has

endorsed the view that "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper," and "an inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Hunter, 582 F.3d at 1044 (quoting Smallwood, 385 F.3d at 573-74).

Under these principles, federal courts in this circuit have applied the fraudulent joinder rule only in cases where it is undisputably clear (or "obvious," in the language in McCabe) that the plaintiff states no cause of action against the non-diverse defendant. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067-68 (9th Cir. 2001) (affirming finding of fraudulent joinder in negligent misrepresentation action where the nondiverse defendant's alleged misrepresentation was "devoid of any meaningful specificity," the plaintiffs' past actions established that they "could not have reasonably relied upon such statement in any event," and a plaintiff's own affidavit "specifically denied that she ever discussed" the alleged matters with the defendant); Kruso v. Int. Tel. & Teleg. Co., 872 F.2d 1416, 1427 (9th Cir. 1989) (affirming finding of fraudulent joinder where "none of the plaintiffs were personally involved in any of the transactions in question," which "deprives plaintiffs of standing to sue defendants"); McCabe, 811 F.2d at 1339 (affirming finding of fraudulent joinder in tortious interference with contract action where nondiverse defendants had acted in managerial capacity and California law privileges agents' conduct done on principal's behalf in interference with contract actions) (citing Los Angeles Airways, Inc. v. Davis, 687 F.2d 321, 328 (9th Cir. 1982)); Maffei v. Allstate Cal.

Ins. Co., 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006) (dismissing claims against nondiverse corporate defendant where evidence showed that defendant "has never conducted any business of any kind anywhere, has never been capitalized, has never had any assets, . . . has never had any employees, offices, or operations of any kind, . . . [and] in short, . . . is nothing more than an empty corporate shell created in anticipation of a business plan that was never carried out") (internal quotations omitted); Brown v. Allstate Ins. Co., 17 F. Supp. 2d 1134, 1136-37 (S.D. Cal. 1998) (dismissing claims against nondiverse individual defendants where defendants were named in complaint caption and headings but "no material allegations against these defendants are made" and defendants' names were entirely absent from "the body of the complaint [due to] a typographical error"); Gasnik v. State Farm Ins. Co., 825 F. Supp. 245, 249 (E.D. Cal. 1992) (dismissing claims against nondiverse individual insurance agent where agent's relationship to the plaintiff arose solely out of negotiation and execution of insurance contract; settled and obvious law provided that agents are not liable on contracts where they fully disclose the existence and identity of their principal) (citing Lippert v. Bailey, 241 Cal. App. 2d 376, 382 (1966); Cal. Labor Code § 2802)); Zoqbi v. Federated Dept. Store, 767 F. Supp. 1037, 1041-42 (C.D. Cal. 1991) (dismissing claims for breach of employment contract against nondiverse individual defendants, as defendants were plaintiff's managers and were not parties to the employment contract).

Basic "principles of comity and federalism," as well as the ever-important consideration of judicial economy, counsel that fraudulent joinder should not provide defendants with a "broad[] license to escape

from state court." Smallwood, 385 F.3d at 576; see also Albi v. Street & Smith Publications, 140 F.2d 310, 312 (9th Cir. 1944) ("In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the case in state court."). Parties should not be able to expand federal jurisdiction beyond its statutory boundaries by using fraudulent-joinder-based removal as a replacement for the state court demurrer.

    Additionally, when there are multiple defendants and the plaintiff's complaint states factually similar allegations against all of the defendants, a finding of fraudulent joinder is necessarily intertwined with the substantive merits of the various causes of action. In such a case, "there is no improper joinder; there is only a lawsuit lacking in merit. . . . In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such." Smallwood, 385 F.3d at 574; see also Hunter, 582 F.3d at 1044-45 (quoting Smallwood for this proposition). In these situations, a finding of fraudulent joinder "effectively decide[s] the entire case." Smallwood, 385 F.3d at 571; see also Boyer v. Snap-on Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991) (reversing district court where "the district court, in the guise of deciding whether the joinder was fraudulent, stepped from the threshold jurisdictional issue into a decision on the merits."). For purposes of determining whether the court may exercise its diversity jurisdiction, such a merits-based decision is improper. See Smallwood, 385 F.3d at 575 (citing Chesapeake & O.R. Co. v. Cockrell, 232 U.S. 146, 151-53 (1914); Alabama Great S. Ry. Co. v. Thompson, 200 U.S. 206,

218 (1906)).

## IV. Analysis

Although First Student and HireRight are non-California entities and thus sufficiently diverse for removal purposes, Defendants have failed to show complete diversity as Plaintiff and Fauth are both residents of California. However, Plaintiff's Fourth Cause of Action alleging defamation against Fauth is not a "sham," so there has been no fraudulent joinder and Fauth's citizenship cannot be disregarded for diversity purposes.

To establish defamation under California law, a plaintiff must show that a defendant made 1) an intentional publication that is 2) false, 3) unprivileged, and 4) has a natural tendency to injure or that causes special damage. Smith v. Maldonado, 72 Cal.App.4th 637, 645 (1999). "Publication means communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made. Publication need not be to the 'public' at large; communication to a single individual is sufficient." Id.

Under California Civil Code Section 47(c), a statement that is alleged to be defamatory is privileged and not unlawful if it "is one made . . . [in] a communication, without malice, to a person interested therein . . . by one who is also interested." Cal. Civ. Code § 47(c). Once the defendant meets the burden of showing that an alleged defamatory statement was privileged, the burden shifts to the plaintiff to overcome the privilege by showing that the defendant acted with

actual malice. Taus v. Loftus, 40 Cal.4th 683, 720 (2007).

Defendants argue that Fauth's statements were not "false" because Fauth's letters did not actually accuse Plaintiff of having a criminal history. Thus, Defendants argue, Fauth's letters were merely notices informing Plaintiff of First Student's receipt of HireRight's background report containing Plaintiff's allegedly inaccurate criminal background and of First Student's adverse employment action. In short, Defendants' defense is that "by Plaintiff's own admission, Mr. Fauth's alleged statements are true." (Def. Opp. to Ex Parte App. 6-7). Plaintiff's complaint does not unequivocally acknowledge the truth of Fauth's statements. The Court need not address the merits of this contention, however, because this is merely an application to remand. The fact that Defendants must address the merits of the statements imply that there is a colorable and not fraudulent claim against Fauth.

In addition, even if Defendants' argument regarding the Fauth's letters is credited, Plaintiff further alleges that Fauth "communicated and relayed the false and defamatory statements to other persons" and "made statements to others that [Plaintiff] had committed multiple crimes." (Compl. ¶ 33). Plaintiff's allegations are sufficient to establish the possibility of Fauth's liability for defamation. Whether these allegations are too vague to survive the pleadings stage is properly addressed in a motion to dismiss, not an application to remand.

Defendants further argue that the statements Fauth allegedly "communicated and relayed . . . to other persons" cannot be considered "publications" within the meaning of defamation because Plaintiff has failed to allege facts of the communication with requisite specificity.

9

(Def. Opp. to Ex Parte App. at 13-14). However, Plaintiff's allegations of a publication are sufficient to set forth the possibility of a defamation action under California defamation law. Publication merely requires "communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." Smith, 72 Cal.App.4th at 645. Plaintiff alleges that Fauth "made statements to others that [Plaintiff] had committed multiple crimes" and that Fauth has "subsequently republished and will continue to [publish]" such false statements." (Compl. ¶¶ 33-34). If Plaintiff's statements are credited, which they must be at this stage of the action, publication did occur.

Defendants' substantive challenges to the allegations against Fauth are best argued before the state court, as Fauth is not a "sham" defendant. Arguments as to whether the statements in question are protected by Cal. Civ. Code § 47(c) as "privileged communications" made by interested parties to other interested parties requires inquiries into the motives of those engaged in the communications and are not appropriate for this stage of the action.

**V.   Attorney's Fees**

Plaintiff argues that he is entitled to attorney's fees incurred as a result of the improper removal. 28 U.S.C. § 1447(c) provides in relevant part that "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff alleges that "the removal of this action was a delay tactic and made to require Plaintiff to do

1  unnecessary work in prosecuting his case." (Ex Parte App. at 15).
2      "[T]he standard for awarding fees should turn on the
3  reasonableness of the removal." Martin v. Franklin Capital Corp., 546
4  U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award
5  attorney's fees under § 1447(c) only where the removing party lacked an
6  objectively reasonable basis for seeking removal. Conversely, when an
7  objectively reasonable basis exists, fees should be denied." Id.;
8  Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir.
9  2008). While legally incorrect, the Court does not believe that
10 Defendants' arguments were "objectively unreasonable" to the extent
11 necessary to warrant imposition of attorney's fees. Lussier, 518 F.3d
12 at 1065 ("There is no question that Dollar Tree's arguments were
13 losers. But removal is not objectively unreasonable solely because the
14 removing party's arguments lack merit, or else attorney's fees would
15 always be awarded whenever remand is granted."). The issues addressed
16 in this Order were sufficiently complicated to warrant denial of an
17 attorney's fees request. Nor has Plaintiff presented any compelling
18 evidence in support of his allegation that Defendants have merely
19 sought to delay adjudication of this case. Contrary to Plaintiff's
20 contention, the fact that Defendants declined his request withdraw
21 their removal papers is not itself evidence of dilatory conduct. (Ex
22 Parte Application at 15-16).
23 //
24 //
25 //
26 //
27 //
28

**VI. Conclusion**

Plaintiff's Ex Parte Application for remand is GRANTED. The Court ORDERS that the action be REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

DATED:   December 16, 2010

STEPHEN V. WILSON

UNITED STATES DISTRICT JUDGE